**NATIONAL SURETY CORPORATION,**
Appellant,
v.
**H. E. BELL, Appellee.**
No. 14976.

United States Court of Appeals
Fifth Circuit.
Nov. 24, 1954.

as a partial incapacity, is an incapacity that lasts for one's life, but the law pays for only 301 weeks for partial incapacity.

"If there is a finding for total, and a period less than permanent, which I submit to you only as a partial incapacity in this case, and not any permanent incapacity, then the finding would include only a certain amount. Now, I charge you, Gentlemen, that a worker is assumed, under the statute, for practical purposes, to be an hundred per cent perfect. I am sure we all agree that none of us, perhaps, are an hundred per cent perfect, but the law seeks practicability, in order to work justice between employee and employer, and it is assumed that every workman is an hundred per cent perfect. We know, as I have said, that this is hardly true of anyone, but in one of the forms of verdict you are asked to say, when writing your verdict, there is a place for percentage of incapacity, and you will find such percentage, one per cent, or five per cent, or 99 per cent * * *."

The first paragraph just quoted was made the object of the following exception:

"The defendant excepts to the charge of the Court for the reason that the definition of partial incapacity, as contained therein, was erroneous, in informing the jury that of necessity any partial incapacity would be permanent.

"That is all."

The Court responded to that exception as follows:

"The Court:

"I submitted both permanent and temporary and I could not do otherwise and do justice to the plaintiff, because some of his witnesses so testified, he himself, and his own doctor. I have my own notion about who told the truth, but he is en-

Lee Sellers, Wichita Falls, Tex., Nelson, Montgomery, Robertson & Sellers, Wichita Falls, Tex., for appellant.

E. W. Napier, Wichita Falls, Tex., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

In an action under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8307, § 1 et seq., the District Court charged the jury in part as follows:

"I charge you, Gentlemen, that incapacity, as described in this law

titled to that charge, and I am not passing upon that.

"You are entitled to your exception, however, also."

A further part of the Court's oral charge to the jury was as follows:

"This form of verdict has upon it three verdicts, one of which you will sign, and write upon the form which the Clerk gives you, telling the style and number of the case, and then a paragraph beginning, 'We, the jury, find for', and after that sentence you will write one of these forms of verdict which is on this piece of paper which you will take to your jury room with you:

" 'For the defendant', if you so find.

"Second, 'Partial temporary for ...... weeks with ...... per cent', if you so find.

"Third, 'Partial permanent, with ...... per cent', if you so find."

The jury's verdict read: "We the jury find partial permanent with fifty per cent."

 Taken by itself the first quoted paragraph of the charge was erroneous, but we do not think that it could possibly have misled the jury. The subject dealt with was a matter of common knowledge and experience. We must assume that the jury were men of at least average common sense, and if so they must have understood that one could be partially disabled for a shorter time than for life.

If, however, any lingering doubt remained in the minds of any of the jurors, that doubt was surely removed by the two forms of verdict for the plaintiff submitted to them differing only in the expressions "partial temporary for ...... weeks" and "partial permanent". The forms submitted for the verdict may be considered in connection with the Court's charge. Castle v. Bullard, 23 How. 172, 64 U.S. 172, 190, 16 L.Ed. 424.

As a whole the charge correctly stated the law; the defect in this single and detached paragraph could not have misled the jury and is not ground for reversal. Spring Co. v. Edgar, 99 U.S. 645, 658, 659, 25 L.Ed. 487.

Further, the Court's response to the exception clearly showed that the expression objected to was a mere inadvertence. If, at that point, counsel had made the Court aware of the language it had employed, a correction would doubtless have followed. While counsel may have complied with the letter of Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., we do not think that he complied with its spirit.

The judgment is therefore

Affirmed.